THE CITY OF GENESEO v. THE GENESEO NATURAL GAS, COAL, OIL, SALT AND MINERAL COMPANY *et al.*

1. MINERAL RESOURCES—*Development—Void Statute.* Chapter 114 of the Laws of 1887, entitled "An act authorizing counties and incorporated cities of the second and third class to encourage the development of the coal, natural gas and other resources of their localities by subscribing to the stock of companies organized for such purposes," is unconstitutional and void.

2. CITY, *not a Stockholder in Corporation.* A subscription made by the city of Geneseo to the capital stock of a corporation organized for the purposes of prospecting for, developing and operating natural gas, coal, oil, salt, and other minerals, is invalid, and, although bonds are issued and accepted in payment for such capital stock, does not render the city a stockholder in the corporation.

3. CITY BONDS—*Recovery of Proceeds*. The city having issued its bonds to the defendant corporation, which, it is alleged in the petition and admitted by the demurrer, are valid obligations of the city, may recover from the defendant corporation the proceeds of such bonds illegally issued to pay the city's subscription to the capital stock of the company, and wrongfully converted by the defendants to their own use.

## Error from Rice District Court.

ACTION by the *City of Geneseo* against the *Geneseo Natural Gas, Coal, Oil, Salt and Mineral Company* and others. Defendants had judgment on demurrer to the petition, and plaintiff brings error. The facts appear in the opinion herein, filed June 8, 1895.

*Clark & Green*, for plaintiff in error.

*Sam. Jones,* and *A. M. Lasley*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J. : The district court sustained a demurrer to the plaintiff's petition on the ground that it did not state facts sufficient to constitute a cause of action, and, the plaintiff not desiring leave to amend, judgment was entered in favor of the defendants. The plaintiff alleges error in sustaining the demurrer. The petition is very long. It alleges that the plaintiff is a city of the third class; that the Geneseo Natural Gas, Coal, Oil, Salt and Mineral Company is a corporation organized under the laws of Kansas; that the other defendants are the directors and officers of the defendant corporation; that the plaintiff, by authority of the voters of the city conferred at a special election held on the 7th of March, 1888, subscribed for 30 shares of $100 each of the capital stock of the defendant corporation, and issued its bonds for $3,000 in payment therefor; that the defendant corporation received and sold said bonds, and that the same are

now outstanding and a valid indebtedness against the plaintiff; that none of the other stockholders have ever paid anything on their capital stock; that the directors have applied the proceeds of the plaintiff's subscription to uses not authorized by the charter of the corporation, and that the directors and officers have grossly abused their trust; that a portion of the proceeds of the bonds issued by the defendant is still in the possession of the treasurer of the company, and that he threatens and is about to pay out the remaining funds belonging to the defendant to the officers thereof on invalid claims for salaries. The petition concludes with a prayer for an accounting by the officers of the corporation; for an injunction against further wrongful disposition of the funds; for a receiver to close up the affairs of the corporation; that the directors be required to refund the moneys they have misappropriated; that the assets of the corporation may be distributed equitably among the stockholders; and, finally, for a judgment against the defendant for $3,000.

In support of the ruling of the court, it is argued on behalf of the defendants that the alleged subscription by the plaintiff to the capital stock of the defendant company was made without authority of law, and is therefore void; that the plaintiff, therefore, is not a stockholder, has no interest in the defendant corporation and cannot question the action of the directors, nor bring them to an accounting; that the bonds issued by the city are void, and the subscription was therefore without consideration. A copy of the charter of the company is attached to the petition, which shows, "that the purposes for which this corporation is formed are to prospect for, develop, and operate natural gas, coal, oil, salt, and other minerals."

We agree with counsel for defendants in error that
the legislature did not and could not confer authority
on the city to subscribe to the capital stock of this
company.   The charter provides for a capital stock of
$50,000, divided into shares of $100 each.   The busi-
ness contemplated by the charter is not merely supply-
ing a public want or performing a public function by
the city authorities.   In the case of *The State, ex rel.,*
*v. City of Hiawatha,* 53 Kas. 477, we held that author-
ity had been given by the legislature to cities of the
second class to provide for lighting the streets, and
that they might purchase electric plants to carry out
that purpose.   This corporation, however, seems to
be formed for the purpose of carrying on the business
of mining gas, coal, oil, salt, and other minerals.   It
is not formed merely to supply a public need of the
city, but contemplates carrying on a private business
for profit.   The main purpose of the corporation would
seem to be to produce minerals for sale on the market
at a profit.   Cities are organized for public purposes,
not to enter into private business ventures.   In this
case, the subscription was but for a small portion of
the capital stock in a corporation, the business of
which would be controlled by directors chosen by vote
of the stockholders.   It would be in effect placing the
interests of the public in charge of private persons,
whose interests might lead them to do, as it is charged
in the petition has been done in this case, to abuse
their trusts and misapply the funds of the corporation.
The only statute which it is claimed authorizes such a
subscription is chapter 114 of the Laws of 1887, which,
so far as it attempts to authorize cities to become
shareholders in companies organized for the purposes
of mining coal, etc., to be placed on the general mar-
ket for profit, is void under the principles declared in

former decisions of this court. (*McConnell v. Hamm*, 16 Kas. 228 ; *Blain v. Riley Co. Ag. Soc.*, 21 id. 558 ; *Railroad Co. v. Smith*, 23 id. 745.   See, also, *Bank v. City of Iola*, 9 id. 689 ; *Loan Association v. City of Topeka*, 20 Wall. 655.)

It is claimed by the defendants that the act authorizing the subscription being void, bonds issued under it are void and worthless ; that the plaintiff's subscription was without consideration, and, therefore, that the plaintiff has no interest in the corporation, nor claim upon it.   On the other hand, the plaintiff insists that the defendant corporation, having received and sold the bonds and accepted the city's subscription to its capital stock, is estopped from denying the plaintiff's right as a stockholder.   We do not wholly agree with either of these contentions.   The petition does not set out the form of the bonds issued.   It may be, for anything appearing in the record, that the bonds are unobjectionable in form, and purport to be issued for a lawful purpose, and that under the decisions of the supreme court of the United States they might be held, if in the hands of *bona fide* purchasers for value, without notice of any infirmity, to be binding obligations.   It may be that they contain no reference to the statute referred to.   It is alleged in the petition that they are valid and binding obligations on the city.   It is possible that this averment may be true.   We must assume in considering the demurrer that it is true.   If so, the city has a valid claim against the corporation for the proceeds of the bonds. Its claim is not as a stockholder, but as a creditor of the corporation entitled to receive the proceeds of bonds issued without lawful authority which have come into the hands of the defendants.   While there is a great deal of surplusage in the petition, and very much

relief is asked which the court cannot give, there are
yet sufficient averments to show a cause of action in
favor of the city for the bonds wrongfully issued and
wrongfully converted by the defendants to their own
use.

The judgment must be reversed, with directions to
overrule the demurrer.

All the Justices concurring.