## J. W. VAIL v. THE CITY OF ATTICA.
### No. 403.

VOID STATUTE—*Development Bonds.* "Chapter 114 of the Laws of 1887, entitled 'An act authorizing counties and incorporated cities of the second and third class to encourage the development of the coal, natural gas and other resources of their localities, by subscribing to the stock of companies organized for such purposes,' is unconstitutional and void." (*City of Geneseo v. Gas Company*, 55 Kan. 358, 40 Pac. 655.)

Error from Harper district court; G. W. McKAY, judge. Opinion filed May 12, 1899. Affirmed.

*Chester I. Long*, for plaintiff in error.

*Sankey & Campbell*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced by J. W. Vail in the district court of Harper county to recover on a "prospecting bond" issued by the city of Attica in accordance with an act of the legislature of this state. The bond recites:

"This bond is one of a series of six bonds numbered from 1 to 6, inclusive, of like amount, tenor, and effect, executed and issued by the said city, and in accordance with an act of the legislature of the state of Kansas, entitled 'An act authorizing counties and incorporated cities of the second and third classes to encourage the development of the coal, natural gas and other resources of their localities, by subscribing to the stock of companies organized for such purposes,' approved March 2, 1887."

The serious question presented is the constitutionality of the act authorizing the issuance of the bonds. In the case of *City of Geneseo v. Gas Company*, 55 Kan. 358, 40 Pac. 655, our supreme court has said:

"Chapter 114 of the Laws of 1887, entitled 'An act

authorizing counties and incorporated cities of the second and third class to encourage the development of the coal, natural gas and other resources of their localities by subscribing to the stock of companies organized for such purposes,' is unconstitutional and void.''

Relying on this authority, the judgment of the district court sustaining the demurrer to the petition of plaintiff below will be affirmed.